Filed 2/25/26  P. v. Longmire CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C103345 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F-02514) |
| v. | |
| JEFFREY WAYNE LONGMIRE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeffrey Wayne Longmire asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

BACKGROUND

In May 2023, law enforcement pulled Longmire over and found a loaded revolver and seven small bags of methamphetamine in his car.  He was charged with unlawful possession of a firearm (Pen. Code, § 29800, subd. (a); count 1), unlawful possession of ammunition (§ 30305, subd. (a)(1); count 2), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 3), and unlawful transportation for sale of a

1

controlled substance (Health & Saf. Code, § 11379, subd. (a); count 4).[1]  Two aggravating circumstances were alleged as to all counts.  (Cal. Rules of Court, rule 4.421(b)(2), (3).)

In August 2024, Longmire moved to suppress the evidence of the revolver and methamphetamine.  (§ 1538.5.)  He argued that the warrantless search of his car was unreasonable because it was conducted after the officer unreasonably prolonged the traffic stop.

During a joint preliminary hearing and hearing on Longmire's motion to suppress, Officer Bailey Odell testified about the traffic stop and subsequent search of Longmire's car.  According to that testimony, one evening in May 2023, Officer Odell noticed Longmire driving at speeds above the posted limit in a car with a cracked windshield.  Officer Odell conducted a traffic enforcement stop, and Longmire pulled over.  Before exiting his patrol car, Officer Odell saw Longmire lean toward the passenger compartment and manipulate something.  In the officer's experience, people often try to hide weapons or contraband during traffic stops, and he had previously found contraband when a driver responded to a traffic stop by "manipulating" something in the passenger compartment.

Officer Odell approached Longmire's car, and as he was explaining to Longmire the reasons for the stop, the officer noticed a large, unsheathed fixed-blade knife on the front passenger seat.  While at the car's window, Officer Odell requested a records check and, about one minute later, learned that Longmire had a valid driver's license and was not on probation, parole, or supervised release.  Officer Odell testified that it was his normal practice to run a warrant check during traffic stops, even if he did not intend to

---

[1]  Undesignated statutory references are to the Penal Code.

write a traffic ticket. A criminal history check revealed that Longmire had been convicted of a felony.

Although the knife was not necessarily illegal, Officer Odell feared Longmire might use it to hurt him through the open car window. The officer told Longmire not to reach for the knife and then asked him to exit the car. With Longmire's permission, Officer Odell performed a pat-down search and did not find any weapons. Officer Odell directed Longmire to sit on the front of his patrol vehicle with a second officer, who had arrived 30 seconds to one minute after the traffic stop. Officer Odell testified that he had Longmire sit on the patrol car "to remove him from the vehicle because of the close proximity to the knife."

Concerned that Longmire had other weapons or contraband, Officer Odell then walked back to Longmire's car. Officer Odell looked through the passenger window and saw a white powdery substance and two shards of suspected methamphetamine on the passenger seat. He was familiar with methamphetamine and had seen it more than a thousand times while on duty.

Based on these observations, Officer Odell conducted a "probable cause search of the vehicle" and found a loaded revolver under the hood. He performed a records search and learned that Longmire was not the gun's registered owner and it had been reported as stolen.

Officer Odell detained Longmire in handcuffs and requested a police dog to perform another search of the car. The dog sniffed the outside of the car and alerted. The dog alerted again inside the vehicle. Officer Odell found seven one-ounce bags of methamphetamine in a sock concealed between the passenger seat and the center console.

The prosecution argued that the initial stop was reasonable because Officer Odell had observed two traffic violations. The stop also was not improperly extended, the prosecution maintained, because an officer may check records during a stop and ordering someone to exit a stopped car does not impermissibly prolong the detention. In addition,

officers are allowed to instruct a stopped driver to sit in a separate location. Here, Longmire acted suspiciously during the stop and had an unsheathed knife on the passenger seat, giving Officer Odell reasonable suspicion to investigate further. Once the officer saw methamphetamine in plain view through the car window, he then had probable cause to search the car, which yielded the firearm and additional methamphetamine.

Longmire argued that Officer Odell impermissibly prolonged the stop when he directed Longmire to sit on the patrol car and then returned to Longmire's vehicle to look inside. The initial records check disclosed that Longmire had a valid driver's license and was not on probation or parole; the knife on the passenger seat was neither illegal nor in a threatening location, especially since Longmire had exited the car; and Officer Odell found no weapons during the pat-down search. According to Longmire, the danger was over at that point, and Officer Odell should have either issued a traffic citation or let him go. Although Officer Odell had probable cause to search the car once he observed the methamphetamine on the passenger seat, he saw the drugs only after unreasonably extending the traffic stop.

The trial court denied Longmire's motion to suppress. The court first found that Officer Odell properly stopped Longmire's car based on the speeding and cracked windshield. The court further determined that Officer Odell did not unreasonably prolong the stop. He was justified in having Longmire exit the car, given the knife on the passenger seat and his suspicious movements during the stop. It was also reasonable for Officer Odell to then return to the car to confirm that "something else wasn't happening" and that Longmire had leaned toward the passenger side only to place the knife. Moreover, Officer Odell did not perform a search—he simply looked in through the passenger window and saw what he suspected was methamphetamine. Seeing the contraband justified the search of the car. The court concluded that there was a "logical and measured progression," which led to each reasonable step.

4

In December 2024, Longmire pleaded no contest to counts 1 and 4 pursuant to a negotiated plea agreement. The trial court dismissed the remaining counts and allegations. As part of his plea, Longmire agreed that the court could suspend imposition of sentence and place him on probation for two years with 240 days in jail.

The following month, the trial court was informed that Longmire had failed to show up for an interview with a probation officer. The court allowed him to remain out of custody on his own recognizance pending sentencing, pursuant to a *Cruz* waiver. (*People v. Cruz* (1988) 44 Cal.3d 1247.)

In March 2025, the trial court suspended imposition of sentence and ordered two years' probation with 240 days in jail. The court awarded 13 days of custody credit and imposed various fines, fees, and penalty assessments.

Longmire timely appealed based on the denial of his motion to suppress. The appeal became fully briefed in this court on December 8, 2025.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Longmire was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. Longmire did not file a supplemental brief.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to Longmire.

5

## DISPOSITION

The judgment is affirmed.


_____/s/_____
FEINBERG, J.


We concur:


_____/s/_____
EARL, P. J.


_____/s/_____
HULL, J.